IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
CIVIL ACTION NO. _____

ELITE HOME CARE, LLC,

          Plaintiff,

vs.

ELITE SENIOR CARE, LLC,

          Defendant.

3:23-cv-04724-MGL

COMPLAINT

(Non-Jury)

The Plaintiff, Elite Home Care, LLC, complaining of the Defendant, Elite Senior Care, LLC, would respectfully show the Court as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit to protect the substantial goodwill that it has developed over the past nine years in its distinctive "Elite Home Care" and "Elite Home Care SC" word marks. Due to this lengthy use and Plaintiff's substantial investment in advertising and promotion, Plaintiff's trademarks have gained a reputation as being a source of high-quality in-home care, day center care, and transportation services for seniors, young adults, and those living with disabilities.

2. The goodwill and reputation for quality that Plaintiff has worked so hard to cultivate has been threatened by Defendant's actions. Defendant has used and continues to use its word mark, "Elite Senior Care" which is confusingly similar to Plaintiff's "Elite Home Care" and "Elite Home Care SC" word marks, to sell competing services to many of the same potential consumers served by Plaintiff. Unless Defendant is enjoined from using its "Elite Senior Care" mark, such use will continue to cause consumer confusion and will cause irreparable harm to Plaintiff.

3. This action seeks injunctive relief, damages and other appropriate relief arising from Defendant's willful acts of trademark infringement and unfair competition.

4. This action is for unfair competition and false designation of origin in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a); for federal dilution in violation of Section 43(a) of the United States Trademark Act; and for related claims of statutory trademark infringement in violation of S.C. Code Ann.§ 39-15-1165; trademark infringement in violation of South Carolina common law; unfair and deceptive trade practices in violation of S.C. Code Ann. §§ 39-5-10 to 39-5-560; trademark dilution in violation of S.C. Code Ann.§ 39-15-1165; and unjust enrichment.

PARTIES, JURISDICTION AND VENUE

5. Plaintiff is a South Carolina limited liability company with a principal place of business at 2000 Bud Arthur Bridge Road, Spartanburg, South Carolina, 29307, and also doing business in Greenville, Pickens, Greenwood, and Laurens counties in South Carolina.

6. Defendant is a South Carolina limited liability company with a principal place of business at 17 Burgee Court, Columbia, South Carolina, 29229.

7. This Court has original jurisdiction over the federal Lanham Act claims of Plaintiff pursuant to 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. §§ 1331 and 1338.

8. This Court has jurisdiction over the state law claims of Plaintiff pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and (c) because Defendant is subject to personal jurisdiction in this district as Defendant resides in this District and/or conducts business in this District, and because the wrongful acts alleged herein have been committed in this District.

## BACKGROUND

10. The Plaintiff is in the business of providing in-home care, day center care, and transportation services to seniors, young adults, and those living with disabilities.

11. Plaintiff has been in business since 2012.

12. Since starting its business in 2012, Plaintiff has continuously used the word marks "Elite Home Care" and "Elite Home Care SC" as source identifiers for its services, including using the marks on signage, advertising, printed materials like flyers and brochures, websites and internet advertising, vehicle wraps on the vans used for its transportation services, and employee uniforms.

13. Plaintiff started its business in Spartanburg County, South Carolina, in 2012, and has since expanded its areas of service. Plaintiff now provides services in Florence, Georgetown, Greenville, Greenwood, Horry, Laurens, Pickens, Spartanburg, and Richland counties.

14. Plaintiff currently has plans in place to continue its expansion throughout the State of South Carolina within the next six to twelve months.

15. Plaintiff registered its trademarks "Elite Home Care," "Elite Home Care SC," and "Elite Home Care & Day Centers" with the South Carolina Secretary of State pursuant to S.C. Code Ann. § 39-15-1105 et seq. for home health care services on April 11, 2019.

16. Upon information and belief, Defendant registered its limited liability company with the South Carolina Secretary of State on or about January 3, 2021.

17. Upon information and belief, there is a likelihood of confusion in the marketplace between the marks due to their similarity and the similarity of the Parties' goods and services.

18. Both parties provide in-home care services to seniors and those who are sick and living with disabilities.

19. Both parties are licensed with DHEC and receive referrals from Medicaid and Medicare case managers.

20. Both parties advertise in similar channels, including internet websites and the South Carolina Department of Health and Environmental Control ("DHEC") licensed care provider list.

21. Plaintiff became aware of Defendant's use of the infringing marks in the spring of 2021.

22. On or about July12, 2023, Plaintiff, through counsel, sent a cease and desist letter to Defendant at its principal place of business address requesting that Defendant cease its infringement of Plaintiff's marks.  This letter notified Defendant of Plaintiff's priority use of its marks, informed Defendant that Plaintiff holds trademark registrations for its mark and various iterations thereof with the South Carolina Secretary of State, stated that

Plaintiff believes that Defendant's use of the marks violated S.C. Code Ann. § 39-15-1160 and common law principles of trademark infringement and unfair competition, and demanded that Defendant immediately cease and desist its unauthorized use of the mark "Elite Senior Care" and any other names and/or designations that are confusingly similar to those belonging to Plaintiff.

23. In response, on or about July 19, 2023, Mary Miller McClellan with the Defendant called Plaintiff's counsel asking for clarification on the issues addressed in the letter, and asking whether she was allowed to use the "Elite Senior Care" mark since the Secretary of State had allowed her to register her limited liability company with that name. Plaintiff's counsel explained that the registration of a limited liability company name does mean that the registered name does not infringe any existing trademarks. Defendant requested more time to look into the matter, and Plaintiff's counsel agreed to follow up later on.

24. On or about July 31, 2023, Plaintiff's counsel called Defendant to follow up on the matter and again spoke with McClellan. McClellan stated that she needed two more weeks to discuss the matter with her advisors. Plaintiff's counsel agreed to give her an additional week, until August 7, 2023, but that if McClellan did not respond by that date then Plaintiff would file suit for trademark infringement.

25. Defendant did not follow up by August 7, 2023, or at all thereafter.

26. Upon information and belief, with full knowledge of Plaintiff's rights in the mark, Defendant has consistently refused to cease use of the infringing mark. Upon information and belief, Defendant's use of the mark has continued in willful violation of Plaintiff's rights.

27. Defendant's use and threatened continued use of the mark is likely to gain acceptance for Defendant's services by trading on the merit, reputation and goodwill built up by Plaintiff's extensive use, advertising and marketing of services under the "Elite Home Care" and "Elite Home Care SC" marks.

28. Plaintiff's use of the "Elite Home Care" and "Elite Home Care SC" marks predates any use by Defendant of any similar marks in the State of South Carolina and throughout the United States.

29. Defendants' use and threatened continued use of the "Elite Senior Care" mark is likely to cause confusion, to cause mistake and to deceive as to source, origin or sponsorship of Defendant's services and to cause the public to wrongly associate Plaintiff's business with Defendant's business and to believe that Defendant is operating under a license from Plaintiff or is otherwise affiliated with Plaintiff.

30. Furthermore, Defendant's use and threatened continued use of the "Elite Home Healthcare Agency" and "Elite In-Home Care Provider Agency" marks is likely to cause Plaintiff to lose the ability to control its reputation and image among the public.

## COUNT I

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

31. Plaintiff realleges and incorporates by reference the allegations of the foregoing paragraphs as though fully set forth herein.

32. Defendant's use of the mark constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a), in that the public will be confused, mistaken and/or deceived as to the origin, nature, quality and characteristics of Defendant's services relative to Plaintiff's services.

6

33. Because of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value of Plaintiff's marks "Elite Home Care" and "Elite Home Care SC," for which there is no adequate remedy at law. Accordingly, the Plaintiff is entitled to an injunction against the Defendant.

34. The Plaintiff also has suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendant's actions, all profits realized, and the costs of this action.

35. Upon information and belief, Defendant's actions have been willful and deliberate and therefore Plaintiff is entitled to treble damages and an award of reasonable attorney's fees against Defendant.

## COUNT II

### FEDERAL DILUTION
### (15 U.S.C. § 1125(c))

36. Plaintiff realleges and incorporates by reference the allegations of the foregoing paragraphs as though fully set forth herein.

37. Plaintiff's marks are famous and distinctive and well known in the State of South Carolina and in the United States in connection with providing in-home care, day center care, and transportation services to seniors, young adults, and those living with disabilities.

38. Defendant's illegal and infringing use of Plaintiff's marks commenced more than five years after the Plaintiff's marks had become famous.

39. Defendant's acts described herein constitute willful and intentional dilution of the distinctive quality of, and tremendous goodwill associated with, the Plaintiff's marks in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

40. Defendant's acts described herein have resulted in actual dilution of the famous "Elite Home Care" and "Elite Home Care SC" marks.

41. Because of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value, effectiveness and quality of the Plaintiff's marks, for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to an injunction against Defendants.

42. Plaintiff also has suffered and continues to suffer injury and damages and is entitled to recover all damages sustained by Defendant's actions, all profits realized, and the costs of this action.

43. Upon information and belief, given that Defendant's actions were willful and deliberate and Plaintiff is therefore entitled to treble damages and an award of reasonable attorney's fees against Defendant.

## COUNT III

### STATE STATUTORY TRADEMARK INFRINGEMENT
### (S.C. Code Ann. § 39-15-1160 and § 39-15-1170)

44. Plaintiff realleges and incorporates by reference the allegations of the foregoing paragraphs as though fully set forth herein.

45. Plaintiff owns the mark "Elite Home Care," which is a valid and distinctive mark.

46. Plaintiff holds a trademark registration from the South Carolina Secretary of State for its trademark "Elite Home Care" for home health care services.

47. Plaintiff has sold its services in South Carolina under the "Elite Home Care" mark since at least 2012.

48. Because Plaintiff's use of the mark precedes Defendant's use of its marks, Plaintiff has priority of use over Defendant.

49. Defendant's mark, "Elite Senior Care," constitutes a colorable imitation of Plaintiff's mark in that it is so similar to Plaintiff's mark as to cause confusion or mistake in consumers.

50. Plaintiff and Defendant both use their marks identified herein to advertise and sell home health care services to consumers in South Carolina.

51. Defendant has used and continues to use a colorable imitation of Plaintiff's mark in connection with the sale, offering for sale, and advertising of services, and Defendant's use of the mark in this manner is likely to cause confusion or mistake as to the source of origin of those services.

52. Plaintiff has not and does not consent to Defendant's use of the mark.

53. Plaintiff has been damaged as a result of Defendant's use of the mark.

54. Plaintiff is therefore entitled to an order from this Court enjoining Defendant's use of the mark "Elite Senior Care" or any other marks that are confusingly similar to Plaintiff's mark, for services that are the same or similar to those offered by Plaintiff under Plaintiff's mark, for damages, and reasonable attorney's fees and the costs of this action as may be determined by the Court.

## COUNT IV

## TRADEMARK INFRINGMENT

55. Plaintiff realleges and incorporates by reference the allegations of the foregoing paragraphs as though fully set forth herein.

56. Plaintiff owns the mark "Elite Home Care," which is a valid and protectable trademark.

57. Plaintiff advertises and offers its services for sale in commerce under its mark, including home health care services within the State of South Carolina and has done so since at least 2012.

58. Defendant began using the mark "Elite Senior Care" on or about 2021 in connection with the advertising and offering for sale in commerce of home health care services within the State of South Carolina.

59. Defendant's use of the mark "Elite Senior Care" for the same services as those offered by Plaintiff creates a likelihood of confusion with Plaintiff's marks in violation of South Carolina law.

60. As a result of Defendant's use of identical or confusingly similar marks, Plaintiff has been damaged, including damage to its goodwill and reputation.

61. Plaintiff is therefore entitled to an award of actual damages from this Court as a result of Defendant's use of the mark "Elite Senior Care" or any other marks that are confusingly similar to Plaintiff's mark, for services that are the same or similar to those offered by Plaintiff under Plaintiff's mark, as well as reasonable attorney's fees and the costs of this action as may be determined by the Court.

# COUNT V

## UNFAIR AND DECEPTIVE TRADE PRACTICES
(South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 to 30-5-560)

62. Plaintiff realleges and incorporates by reference the allegations of the foregoing paragraphs as though fully set forth herein.

63. Defendant's acts described herein cause a likelihood of confusion and a likelihood of misunderstanding as to the source of Defendant's services.

64. Defendant's acts described herein constitute unfair methods of competition and unfair or deceptive acts or practices capable of repetition in violation of S.C. Code Ann. § 39-5-20.

65. Defendant knew or should have known that their acts as described herein constitute unfair methods of competition and unfair or deceptive acts in violation of S.C. Code Ann. § 39-5-20.

66. Defendant's acts described herein have caused and, unless restrained by this Court, will continue to cause great and irreparable injury and damage to Plaintiff, for which Plaintiff has no adequate remedy at law.

67. Defendant's use of the mark "Elite Senior Care" with knowledge of Plaintiff's priority of use, trademark registrations, and superior rights in its mark "Elite Home Care," constitute unfair and deceptive trade practices under the South Carolina Unfair Trade Practices Act.

68. Defendant's unfair and deceptive practices have injured Plaintiff and Plaintiff has no adequate remedy at law for the damages caused thereby.

69. Plaintiff has suffered ascertainable losses as a result of Defendant's unfair and deceptive practices.

70. Defendant knew or should have known that its use of the mark "Elite Senior Care" violated Plaintiff's rights and were likely to cause and did, in fact, cause consumer

mistake and confusion; therefore, Defendant's employment of the unfair trade practices was a willful violation of § 39-5-20.

71. Plaintiff is therefore entitled to an award of actual damages from this Court as a result of Defendant's use of the mark "Elite Senior Care" or any other marks that are confusingly similar to Plaintiff's mark, for services that are the same or similar to those offered by Plaintiff under Plaintiff's mark, as well as reasonable attorney's fees and the costs of this action as may be determined by the Court.

**COUNT VI**

**STATE TRADEMARK DILUTION**
**(S.C. Code Ann. § 39-15-1165)**

72. Plaintiff realleges and incorporates by reference the allegations of the foregoing paragraphs as though fully set forth herein.

73. Defendant's acts described herein are likely to injure the business reputation of Plaintiff and dilute the distinctive quality of the "Elite Home Care" mark in violation of S.C. Code Ann.§ 39-15-1165.

74. Defendant's acts described herein have caused and, unless restrained by this Court, will continue to cause great and irreparable injury and damage to Plaintiff, for which it has no adequate remedy at law.

75. Upon information and belief, given that Defendant's actions were willful and deliberate and Plaintiff is therefore entitled to injunctive relief, and an award of actual damages, to an award of treble damages and profits enjoyed by Defendant as a result of its unlawful conduct, and to costs and attorneys' fees for Defendant's bad faith and willful misconduct.

## COUNT VII

## UNJUST ENRICHMENT

76. Plaintiff realleges and incorporates by reference the allegations of the foregoing paragraphs as though fully set forth herein.

77. Defendant's actions as set forth herein have been conducted with the purpose and effect of deriving and retaining an unjust benefit against the fundamental principles of justice, equity and good conscience.

78. Defendant's actions have resulted in, and are likely to further result in, the unjust enrichment and/or benefit of Defendant at the expense of Plaintiff, requiring restitution.

79. As a direct and proximate result of Defendant's conduct, Plaintiff has incurred and will continue to incur damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an Order:

A. Requiring the Defendant to immediately transfer to Plaintiff or destroy any and all materials, signage, brochures, advertising materials, letterhead, and other promotional materials that bear the Plaintiff's marks or any similar marks;

B. Preliminarily and permanently enjoining the Defendant from using and operating under the mark and trade name "Elite Senior Care" in the State of South Carolina and throughout the United States;

13

C. Preliminarily and permanently enjoining the Defendant, or anyone else acting in concert with the Defendant, or on Defendant's behalf, from:

1) Using or displaying any signage, brochures, advertising or other promotional materials that bear the Plaintiff's marks or any similar variations thereof in any manner whatsoever;

2) Using the Plaintiff's marks or any similar variations thereof in connection with any advertisements, marketing or sales activities of any kind;

3) Creating, distributing or placing for viewing or publication any materials of any kind that bear the Plaintiff's marks in the future;

4) Registering as a business name any trade name that incorporates the Plaintiff's marks or is a similar variation thereof in the future;

5) Engaging in any other conduct that is dilutive of the Plaintiff's marks or that suggests or tends to suggest to the public that Defendant is, in any manner, directly or indirectly affiliated, connected or associated with Plaintiff or that Defendants' services or commercial activities originate from or are sponsored or approved by Plaintiff;

D. Declare, adjudge and decree that Defendant's acts described herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a); for federal dilution in violation of Section 43(a) of the United States Trademark Act; and for related claims of statutory trademark infringement in violation of S.C. Code Ann.§ 39-15-1165; unfair and deceptive trade

practices in violation of S.C. Code Ann. §§ 39-5-10 to 39-5-560; trademark dilution in violation of S.C. Code Ann.§ 39-15-1165; trademark infringement in violation of South Carolina common law; and for unjust enrichment.

E. Requiring Defendant to amend the records on file with any relevant agency, including the South Carolina Secretary of State and the South Carolina Department of Health and Environmental Control, to dissolve and/or change the name of Elite Home Healthcare Agency, LLC, d/b/a Elite In-Home Care Provider Agency to a name that is not similar to the Plaintiff's marks;

F. Requiring Defendant to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the judgment.

G. Requiring Defendant to account to Plaintiff for all of its profits in connection with any and all commercial activity relating to its use of the Plaintiff's marks and the mark and trade name "Elite Senior Care" and "Elite Senior Care LLC";

H. Awarding to Plaintiff the damages it sustained as a result of Defendant's wrongful, infringing and tortious acts, together with an amount which is three times the amount found as actual damages;

I. Awarding to Plaintiff Defendant's profits pursuant to 15 U.S.C. § 1117;

J. Awarding to Plaintiff treble damages, its costs, and its attorneys' fees pursuant to 15 U.S.C. § 1117 and S.C. Code Ann. §§ 39-5-140 & 170.

K. Awarding to Plaintiff punitive damages to the extent permitted by law; and

L.      Granting Plaintiff any further relief that the Court deems to be just and proper.

                McCONOUGHEY LAW FIRM, LLC

By:   *s/ Rachel G. McConoughey*
        Rachel G. McConoughey
        Federal I.D. No.: 12595
        100 Whitsett St.
        Greenville, SC 29601
        Tel.: (843) 425-3006
        Fax: (843) 872-0545
        Contact@McConougheyLawFirm.com

ATTORNEY FOR THE PLAINTIFF

September 21, 2023
Greenville, South Carolina

16